# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BENJAMIN MARIO SOTO, | Case No. 20-cv-1668 (DWF/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MINNESOTA SUPREME COURT and MINNESOTA COURTS, | |
| Defendants. | |

This action comes before the Court on Plaintiff Benjamin Mario Soto's (1) Complaint (Dkt. 1); (2) Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2 ("IFP Application")); and (3) filing titled "Correction Motion to the Minnesota Supreme Court Regarding Errors in [Soto's] Petition for Further Review of Decision of Court of Appeals" (Dkt. 4 ("Correction Motion")). For the following reasons, the Court recommends dismissing this action without prejudice and denying the IFP Application and Correction Motion as moot.

## I. BACKGROUND

In May 2019, Soto sued the Minnesota Department of Human Services ("MNDHS") and AFSCME Union Council 5 Local 12181 ("AFSCME") in Minnesota state court—specifically, the Ramsey County District Court. *See* Register of Action, *Soto v. AFSCME Union Council 5 Local 12181*, No. 62-CV-19-3770 (Minn. Dist. Ct.) ("State Court Docket").[1] As the Court understands it, Soto began a position within MNDHS in

---

[1] The State Court Docket, and certain other materials cited herein, are not attached to any materials provided to the Court in this action. But they are publicly accessible online, and this Court may take judicial notice of public court records. *See, e.g., Graham*

July 2018; this was a "pre-probationary appointment." (Dkt. 1-3 at 2.) In February 2019, MNDHS informed Soto that, "due to performance issues," "it would not be certifying or converting his position to permanent status." (*Id.* at 3.) Soto followed a grievance process to challenge that decision, and during one stage of the process, AFSCME representatives met with MNDHS representatives on Soto's behalf. (*See id.*) Soto did not prevail at that stage, after which AFSCME staff informed him that AFSCME would not represent him further—and specifically, would not take his grievance to arbitration—because his probationary status meant that he was an at-will employee. (*See id.*)

Soto's state court complaint contained—according to the district court—"various vague and broad allegations against [MNDHS] about false statements, lack of accommodations, and violating [Soto's] rights under the AFSCME collective bargaining agreement." (*Id.* at 4.) Soto also asserted that "AFSCME and its union representative misrepresented him through the process of his non-certification and separation from [MNDHS]." (*Id.*)

MNDHS and AFSCME both moved to dismiss Soto's complaint, and in September 2019, the Ramsey County District Court granted those motions and dismissed the complaint with prejudice. (*See id.* at 14.) Among other things, the Ramsey County court held that Soto (1) failed to state a Fifth Amendment procedural due process claim against MNDHS because MNDHS is a state agency; (2) failed to state a Fourteenth Amendment procedural due process claim against MNDHS because he had no protected interest in continued employment; (3) failed to present cognizable claims under the Americans with Disabilities Act because he had not exhausted relevant administrative

---

*v. U.S. Marshal*, No. 20-CV-1204 (WMW/LIB), 2020 WL 4060731, at *1 n.1 (D. Minn. June 29, 2020) (citing *Bellino v. Grinde*, No. 18-CV-1013, 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019)), *R&R adopted*, 2020 WL 4059889 (D. Minn. July 20, 2020).

remedies; and (4) failed to state a claim that AFSCME failed to properly represent him. (*See id.* at 6-13.)

In November 2019, Soto appealed the district court's judgment to the Minnesota Court of Appeals. (*See* State Court Docket.) The Court lacks access to the briefing before the Court of Appeals, but in June 2020, that court affirmed the Ramsey County District Court's order. (*See* Dkt. 1-2 at 6.) On July 29, 2020, Soto filed a petition for further review with the Minnesota Supreme Court. (*See* Docket Information, *Soto v. AFSCME Union Council 5 Local 12181*, No. A19-1790 (Minn. Ct. App.).)

The day after filing his petition for further review, Soto filed the present Complaint in this Court. (*See, e.g.*, Dkt. 1 at 1.) The Complaint notes Soto's appeal with the Minnesota Supreme Court, but states that he believes that "the lower courts' orders will be upheld based on the lower courts' actions." (*Id.* at 4.) He provides little detail about his case, instead referring the reader to exhibits to the Complaint. (*See id.*) Soto requests "injunctive relief requiring Minnesota Courts to enforce the laws/rights" underpinning his state court complaint and "guaranteeing [Soto's] rights" through *Ex parte Young*, 209 U.S. 123 (1908). (*Id.*) Soto filed the IFP Application with the Complaint. (*See generally* Dkt. 2.)

Soto filed the Correction Motion on August 24, 2020. (*See generally* Dkt. 4.) This seems to show edits that Soto believes should be incorporated into his petition for further review with the Minnesota Supreme Court; he apparently filed a similar document with the Minnesota Supreme Court itself. (*See* Court of Appeals Docket.) On September 15, 2020, the Minnesota Supreme Court issued an order that (1) granted Soto's motion to correct the petition for further review, but (2) denied that petition. Soto has submitted a copy of this order to this Court. (*See* Dkt. 6 at 1.)

## II.     ANALYSIS

**A.     Complaint**

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  In the Court's view, this action presents a live jurisdictional question.  The Complaint asks this Court to demand certain conduct from the Minnesota courts.  At this point, however, the Minnesota courts' work in Soto's state-court action is done: the Ramsey County District Court dismissed the action, the Minnesota Court of Appeals affirmed that order, and the Minnesota Supreme Court has denied Soto's petition for further review.  The obvious question is whether this action is now moot.

"'Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies.'"  *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (quoting, e.g., *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)); *see also Abdirahman A. v. DHS-ICE Chief Counsel*, No. 19-CV-3172 (ECT/KMM), 2020 WL 6120631, at *1 (D. Minn. Oct. 1, 2020) (quoting *Ali*), *R&R adopted*, 2020 WL 6119935 (D. Minn. Oct. 16, 2020).  "'When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances and a federal court can no longer grant effective relief, the case is considered moot.'"  *Id.* at 723-24 (quoting *Beck v. Mo. St. High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994) (internal quotation marks and ellipses omitted)); *see also Abdirahman A.*, 2020 WL 6120631, at *1 (D. Minn. Oct. 1, 2020) (quoting *Ali*).

In this case, the Court fails to see what it can do now to fulfill Soto's request for relief.  He wants this Court to order the Minnesota courts to do certain things, but at present, those Minnesota courts have nothing more to do with Soto's state court case.

4

Soto's action here is thus moot. The Court therefore recommends dismissing this action without prejudice for lack of jurisdiction.

To be sure, even if Soto's state court action were still before the Minnesota Supreme Court—such that this case was not moot—this Court would almost certainly still lack jurisdiction for at least two reasons. First, this Court would likely lack jurisdiction under the "*Rooker-Feldman* doctrine." Under that doctrine, "a lower federal court cannot exercise subject-matter jurisdiction over an action that 'seek[s] review of, or relief from, state court judgments.'" *Caldwell v. DeWoskin*, 831 F.3d 1005, 1008 (8th Cir. 2016) (quoting *Hageman v. Barton*, 817 F.3d 611, 614 (8th Cir. 2016) (brackets in *Caldwell*)). Under this doctrine, this Court probably lacked jurisdiction over this action the moment Soto filed it—after all, Soto plainly wanted this Court to exercise jurisdiction in order to review the order and judgment of a Minnesota district court.

Second, by suing the Minnesota Supreme Court and the "Minnesota courts," Soto runs straight into the Eleventh Amendment's grant of state sovereign immunity. Under the Eleventh Amendment, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. Notwithstanding the phrase "another State" here, precedent establishes that "'an unconsenting State is immune from suits brought in federal courts **by her own citizens** as well as by citizens of another state.'" *Fryberger v. Univ. of Ark.*, 889 F.3d 471, 473 (8th Cir. 2018) (emphasis added) (quoting *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)).

Here, of course, the Complaint does not name the State of Minnesota itself, but the Minnesota Supreme Court and the "Minnesota Courts." For Eleventh Amendment purposes, the distinction does not matter; state sovereign immunity also applies to

5

agencies and instrumentalities acting under a state's control. *See, e.g.*, *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (citing cases); *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) (citing *N. Ins. Co. v. Chatham Cty.*, 547 U.S. 189, 193 (2006)).  The Complaint gives no indication that Minnesota has consented in any way to Soto's suit, and the Court is unaware of any applicable waiver or other act expressing such consent.  So yet again, even if this case were not moot, this Court would lack subject-matter jurisdiction over Soto's claims against these state entities.[2]

In summary then, the Court recommends dismissing this action without prejudice for lack of jurisdiction, on the ground that the Minnesota Supreme Court's recent denial of Soto's petition for review makes this action moot.  But mootness is the tip of the proverbial iceberg here; this Court's lack of jurisdiction over Soto's Complaint is utterly overdetermined.

---

[2]  To be sure, the Complaint invokes *Ex parte Young*, 209 U.S. 123 (1908).  Under that doctrine, courts can exert jurisdiction over claims for prospective injunctive relief against individual state officers.  But this leads to another deep problem with the Complaint, irrespective of when Soto filed this action (and of any *Rooker-Feldman* concerns).  Even if this Court construed the Complaint as a suit against specific individual Minnesota judges—a stretch, given that Soto names no individuals and simply sues certain judicial entities as a whole—the doctrine of judicial immunity would likely dictate that the Complaint fails to state a cause of action.  *Cf.* 5B Arthur R. Miller et al., Federal Practice and Procedure § 1350, Westlaw (updated October 2020) ("The defense of . . . judicial immunity has . . . been held to be properly raised via Rule 12(b)(6) rather than Rule 12(b)(1), although one can find courts not being too particular about the distinction." (citing cases)).  Under that doctrine, judges are generally immune from suit unless an action's claims concern actions taken outside a judge's judicial capacity or in the complete absence of jurisdiction.  *See, e.g.*, *Justice Network Inc. v. Craighead Cty.*, 931 F.3d 753, 759 (8th Cir. 2019).  Nothing in the Complaint suggests that either of these exceptions applies.

6

### B.     IFP Application and Correction Motion

Given this Court's recommendation concerning the Complaint, the Court further recommends denying the IFP Application as moot.

This leaves the Correction Motion. It is unclear to the Court whether Soto means for this Court to do anything with that filing: it is probably best understood as Soto making sure that this Court was aware that Soto was trying to make certain amendments to his filing with the Minnesota Supreme Court. This makes the Correction Motion more an exhibit than a motion. In any event, to the extent that the Correction Motion seeks any relief from this Court, this Court's recommendation that this action be dismissed renders the Correction Motion moot, and the Court therefore recommends denying the Correction Motion.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Benjamin Mario Soto's Complaint (Dkt. 1) be **DISMISSED** without prejudice for lack of jurisdiction.

2. Soto's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and filing titled "Correction Motion to the Minnesota Supreme Court Regarding Errors in my Petition for Further Review of Decision of Court of Appeals" (Dkt. 4) both be **DENIED** as moot.

Dated: November 6, 2020                         *s/Elizabeth Cowan Wright*
                                                ELIZABETH COWAN WRIGHT
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).